832

■ S. Linwood Gorton et al., Respondents-Appellants, v. State of New York, Appellant-Respondent. (Claim No. 44641.) — Same decision as in companion case, *Dogs, Inc.,* v. *State of New York* (29 A D 2d 831.) (Appeals from judgment of Court of Claims in an action for damages for permanent appropriation.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.

■ Shafer Building Corporation, Respondent-Appellant, v. State of New York, Appellant-Respondent. (Claim No. 45296.) — Judgment unanimously modified on the law and facts to the extent of reducing the amount thereof to the sum of $117,597.55 and, as modified, affirmed without costs. Memorandum: In 1965 the State appropriated land and building owned by claimant. The parties upon this appeal do not question the land value fixed by the trial court in the sum of $55,000. Both parties are dissatisfied with the finding of the court that the value of the improvement was $70,000 which produced a total value of $125,000. It is difficult to review this finding because the Trial Judge simply fixed the amount without elaboration or explanation in the face of proof that such value might be $17,000 (the State's claim) or $113,600 as opined by claimant's expert. We find the value of the improvement to have been $62,150 by the method of capitalization of income from the property. We accept the gross annual rental of $18,000 from which are deducted annual expenses of $7,240 (as estimated by the State's expert). We impute to the land income of $3,300 (using a figure of 6%) which leaves remaining annual income of $7,460 which is capitalized at 12% (the figure used by the State's expert) to produce a rounded figure of $62,150. All of this results in a total value of land and building of $117,150. The adjustments thereto stipulated by the parties (subtraction of $2,000 and addition of $2,447.55) produce the figure of $117,597.55. (Appeal and cross appeal from judgment of Court of Claims in action for damages for permanent appropriation.) Present — Bastow, J. P., Goldman, Marsh, Witmer and Henry, JJ.

■ Blossom Dairy, Inc., Respondent, v. Hawthorn-Mellody Farms Dairy, Inc., Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event, unless the plaintiff shall, within 10 days, stipulate to reduce the verdict to the sum of $7,000, as of the date of the rendition thereof, in which event the judgment is modified accordingly and, as so modified, is affirmed, without costs of this appeal to either party. Memorandum: The plaintiff's proof on the issue of loss of profits is highly speculative and not based on any underlying data of actual sales of dairy products to the outlets contemplated in the contract between the parties or outlets demonstrated to be analogous. Such proof as was offered by the plaintiff must have been accepted by the jury however to warrant the verdict in its favor in the amount of $21,000. On the evidence presented no verdict would be justified in excess of the amount of the actual sales to the 19 Loblaw outlets as established by the defendant less cost of goods sold and delivery expense. Computed on the basis of the proof offered the net profit, the loss of which should be recoverable by the plaintiff, would be $7,000. No deduction should be made for promotional expense because there is nothing in the contract between the parties which imposed the cost of promotion on the plaintiff and there was testimony that the initial promotion cost was to be borne by the defendant. The defendant is entitled to a new trial on the issue of the amount of damages recoverable by the plaintiff unless the plaintiff stipulates to a reduction of the verdict to $7,000. (Appeal from judgment of Monroe Trial Term in action for breach of contract.) Present — Bastow, J. P., Goldman, Marsh, Witmer and Henry, JJ.